**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ERIK COOK,** | |
|         **Plaintiff,** | |
|         **v.** | **CIVIL ACTION NO.  24-3713** |
| **TEMPLE UNIVERSITY HOSPITAL,** | |
|         **Defendant.** | |

<u>**MEMORANDUM OPINION**</u>

**Rufe, J.**                                                       **August 27, 2025**

Plaintiff Eric Cook filed suit against Defendant Temple University Health System ("TUHS")[1] alleging that he was wrongfully terminated due to his race. Specifically, Cook alleges race discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1981.[2] TUHS has moved to dismiss the complaint. For the reasons stated below, the motion will be granted.

## I.    BACKGROUND[3]

### A.    Factual Background

Erik Cook is an African-American man who worked for the Defendant as an HVAC Mechanic for approximately two years prior to his termination on January 19, 2022.[4] Mr. Cook was the sole African-American male employee in his HVAC department.[5] Cook alleges that

---

[1] Plaintiff named Temple University Hospital — Jeanes Campus as the Defendant in the Amended Complaint. Defendant has noted the proper name is Temple University Health System. Mem. Law. Supp. Mot. Dismiss at 1 n.1 [Doc. No. 11-2].

[2] *See generally* Am. Compl. [Doc. No. 10].

[3] The facts as alleged in Cook's Amended Complaint are taken as true for the purposes of the Motion to Dismiss.

[4] Am. Compl. ¶¶ 7-8 [Doc. No. 10].

[5] Am. Compl. ¶ 8 [Doc. No. 10].

during his employment, "he was subjected to repeated harassment and discriminatory treatment by his white colleagues and supervisors, which culminated in his wrongful termination on January 19, 2022."[6] Mr. Cook describes two specific events that he argues led to a hostile work environment: at one point, he discovered a swastika in his workspace; he was also accused of theft by his white colleagues, which he asserts was a false accusation.[7] Mr. Cook brought both of these incidents to his supervisor, but no corrective action was taken and the misconduct went unpunished.[8]

Mr. Cook also asserts that he experienced differential treatment in the enforcement of the COVID-19 policies.[9] On January 10, 2022, Mr. Cook was sent home from work after contracting COVID-19.[10] He was scheduled to return to work on January 12, but was informed he was under investigation for allegedly violating COVID-19 policies during his absence.[11] He argues that he was falsely accused of violating COVID-19 policies, which served as pretext for his termination.[12] TUHS terminated Mr. Cook on January 19, 2022, citing COVID-related reasons.[13]

## B.    Procedural Background

Mr. Cook brought suit in the Philadelphia Court of Common Pleas, which TUHS timely removed to this Court on the basis of federal question jurisdiction.[14] TUHS moved to dismiss the initial complaint, and Mr. Cook moved to file an Amended Complaint. As Mr. Cook was

---

[6] Am. Compl. ¶ 8 [Doc. No. 10].

[7] Am. Compl. ¶¶ 9-10 [Doc. No. 10].

[8] Am. Compl. ¶ 11 [Doc. No. 10].

[9] Am. Compl. ¶ 12 [Doc. No. 10].

[10] Am. Compl. ¶ 13 [Doc. No. 10].

[11] Am. Compl. ¶ 13 [Doc. No. 10].

[12] Am. Compl. ¶¶ 12, 14 [Doc. No. 10].

[13] Am. Compl. ¶ 14 [Doc. No. 10].

[14] Notice Removal [Doc. No. 1].

ugh

permitted under Federal Rule of Civil Procedure 15 to amend once as a matter of course no later than 21 days after service of a responsive pleading, and Mr. Cook was within that time frame, the Court accepted and docketed the Amended Complaint.[15] TUHS has now moved to dismiss the Amended Complaint.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] The question is not whether the plaintiff ultimately will prevail but whether the complaint is "sufficient to cross the federal court's threshold."[17] In evaluating a challenged complaint, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[18] However, the Court "need not accept as true 'unsupported conclusions and unwarranted inferences'"[19] or "legal conclusions."[20]

## III.    DISCUSSION

### A.    Racial Discrimination

A claim of purposeful racial discrimination under § 1981 is established when a plaintiff shows "(1) that he belongs to a racial minority; (2) 'an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in'

---

[15] *See* Fed. R. Civ. Pro. 15(a)(1)(B); *see also* Order [Doc. No. 9]; Am. Compl. [Doc. No. 10].

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[17] *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

[18] *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

[19] *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000) (quoting *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 n.13 (3d Cir. 1998)).

[20] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)).

§ 1981, including the right to make and enforce contracts."[21] Section 1981 requires Mr. Cook to "initially plead . . . that, but for race, [he] would not have suffered the loss of a legally protected right."[22] Mr. Cook "is not required to prove discriminatory intent at the motion to dismiss stage, rather [he] need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of [it]."[23]

Mr. Cook has not pled any facts that permit the inference that discrimination was the reasoning behind his termination, other than stating that he "believes that his termination was a result of racial discrimination and retaliation for engaging in protected activities."[24] This is a conclusory, subjective statement that cannot support a claim for racial discrimination under § 1981. Mr. Cook makes three factual allegations that mention race: first, that he was the sole African-American male employee in his HVAC department; second, that a swastika was in his workspace; and third, that he was falsely accused of theft by his white colleagues.[25] While the second and third factual allegations are concerning, these facts do not assert plausible discrimination as they are generalized, undated, and insufficiently described such that it is unclear whether the events described are timely connected to his termination. Mr. Cook makes no allegations that his supervisor or employer harbored discriminatory animus, and he makes no allegations indicating how or if TUHS treated non-minority employees differently than him.[26] Mr. Cook does not describe any comparators, and he does not allege that he would not have been

---

[21] *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d. 548, 569 (3d Cir. 2002) (quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)).

[22] *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).

[23] *Bagic v. Univ. of Pittsburgh*, 773 F. App'x 84, 87 (3d Cir. 2019) (quotations omitted).

[24] Am. Compl. ¶ 15 [Doc. No. 10].

[25] Am. Compl. ¶¶ 8-10 [Doc. No. 10].

[26] *See Gross v. R.T. Reynolds, Inc.*, 487 F. App'x 711, 716-17 (3d Cir. 2012).

dismissed but for his race. Additionally, Mr. Cook has not plausibly alleged pretext as Mr. Cook has not "point[ed] to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action."[27]

Even in the light most favorable to the nonmoving party, there are no allegations in the Amended Complaint that raise a reasonable expectation that discovery will reveal that TUHS intended to discriminate against Cook on the basis of race.[28] As such, the Court will dismiss Mr. Cook's claim for racial discrimination.

**B.    Hostile Work Environment**

Mr. Cook alleges that he was subject to a hostile work environment.[29] In order to successfully survive a motion to dismiss, a claim for hostile work environment under § 1981 must allege facts sufficient to show that: (1) the plaintiff suffered intentional discrimination because of his race, color, and/or national origin; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would have detrimentally affected a reasonable person in similar circumstances; and (5) a plausible basis for *respondeat superior* liability existed.[30]

Mr. Cook fails to plead any facts sufficient to determine that he suffered intentional discrimination or that the discrimination was severe or pervasive. Mr. Cook only alleges two

---

[27] *Qin v. Vertex, Inc.*, 100 F.4th 458, 474-75 (3d Cir. 2024) (citing *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994). As Mr. Cook has not pled when these events occurred, the Court cannot determine if the alleged discrimination was temporally proximate to Mr. Cook's termination such that the facts are "unusually suggestive of a retaliatory motive." *Id.* at 477.

[28] *Bagic*, 773 F. App'x at 87.

[29] Am. Compl. ¶ 10 [Doc. No. 10].

[30] *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017).

undated incidents regarding potential racial animus at his workplace—the swastika in his workspace and his colleagues accusing him of theft.[31] Isolated incidents cannot, on their own, support a claim for a hostile work environment.[32] Because Mr. Cook does not include any details regarding his allegedly hostile work environment other than these two isolated incidents, the claim for hostile work environment cannot proceed.

### C.    Retaliation

Finally, Mr. Cook asserts he was subject to retaliation "for engaging in protected activities, including reporting the harassment and discriminatory treatment he faced."[33] In order to assert retaliation under § 1981, a plaintiff must show that: (1) he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between his participation in the protected activity and the adverse employment action.[34]

While Cook's termination constitutes an adverse employment action,[35] Cook has not pled any factual allegations to support the inference that there is a causal connection between reporting the swastika symbol and the false accusation of theft and his eventual termination. These incidents are vague and undated, and while Cook did report them to his supervisor, he fails to plead that reporting these incidents to his supervisor was in any way connected to his termination. As such, his claim for retaliation will fail.

---

[31] Am. Compl. ¶¶ 9-10 [Doc. No. 10].

[32] *Stucke v. City of Phila.*, 685 F. App'x 150, 153 (3d Cir. 2017).

[33] Am Compl. ¶ 15 [Doc. No. 10].

[34] *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006).

[35] *Fowler v. AT&T, Inc.*, 19 F.4th 292, 300-01 (3d Cir. 2021).

**IV.**    **CONCLUSION**

While this Court finds the claims alleged by the Plaintiff to be of the utmost seriousness and has a deep interest in adjudicating these claims efficiently and carefully, this Court cannot accept a Complaint wherein the claims are unsupported and conclusory. For the reasons stated above, Defendant's Motion to Dismiss will be granted. An order will be entered.